## No. 13,039.

### SUCCESSION OF JULIEN LANDIER.

#### SYLLABUS.

Notwithstanding the surviving widow in community, has, under our law, a legal usufruct upon the undivided share of the heirs in the property of the succession of the deceased, she is not entitled to take possession of such property, and enjoy the fruits and revenues thereof, until she shall have caused an inventory and appraisement to be made of such property, and an abstract of said inventory to be registered in the book of mortgages in the parish in which the property it situated.

This is a condition precedent, imposed by our law upon the exercise of the legal usufruct of a surviving spouse.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Theard, J.*

*E. Howard McCaleb* for Plaintiff and Appellant.

*E. J. Meral* for Opponent and Appellee.

Argued and submitted April 18, 1899.
Opinion handed down May 1, 1899.

The opinion of the court was delivered by

WATKINS, J. Application was made by Felicien Landier as an emancipated minor, residing in the city of New Orleans, to be appointed administrator of the succession of his father, a late resident of said city, who departed this life on the 4th of July, 1898, leaving some property within the jurisdiction of the court.

In his petition it is alleged, that his father was married to Felicie Janin, in said city, in 1878, and of that marriage three children were born, and respectively aged nineteen, fifteen and thirteen years—petitioner being the eldest.

That at the time of his death, his father was a passenger on the ill-fated French steamer "La Bourgogne," destined to Paris, France, and perished, with all on board of her, when she sunk off the coast of Sable Island.

He avers that his mother resides at Malakoff, in the vicinity of Paris, France, and that his two younger brothers are residing with her; and that they have so resided for many years.

His prayer is, that an inventory be taken, and that he be appointed and confirmed administrator of his father's succession in this State.

The inventory when taken showed as total assets the following, viz:

(1)   A bill of exchange for three thousand francs, valued in
American money at.... .... .. .... .. .... .......... $576 90
(2)   A promissory note, due to the deceased, by C. A. Dinkel. $150 00
(3)   Real estate in New Orleans...................... 2500 00

$3226 90

To the aforesaid application Felicie Janin, as widow in community of the deceased, alleging her residence to be in the Republic of France,

made opposition—appearing by Paul Desmaries, as agent and attorney in fact.

The grounds of her opposition are (1) that the applicant is a minor, and that the judgment of the court emancipating him is absolutely null and void, having been obtained by the consent of the curator *ad hoc;* (2) that the property inventoried belonged to the legal community of acquets and gains, which existed between herself and her deceased husband, and that she is owner in her own right, of one-half of same as surviving widow, and usufructuary of the other half; (3) that there are no debts due by the deceased except one of $198.50, for which the deceased had made provision with which the creditor is satisfied.

. She avers, that, as surviving widow, she is entitled to peaceable enjoyment of the property, and of its fruits and revenues as provided by law, "and that she is now in legal possession of the same," and, hence,. there is no necessity for an administration of the succession of the deceased.

The court, being of opinion that an administration was unnecessary, sustained the opposition of the widow in community, and rejected the demand of the petitioner, and from that judgment, the latter has appealed.

The tendency of the evidence is to the effect, that the deceased had arranged with his creditor that the rent of his house should be applied to the discharge of his indebtedness.

From the foregoing statement, it is clear, that an administration of the succession is not necessary.

True it is, that the opponent as surviving widow in community, is owner of one-half of the property which is community; but, it is equally true, that the other half belongs to the children, all of whom are minors, except petitioner, who is emancipated.

But, she was bound to cause an inventory of the community property to be taken. R. C. C. 251.

She was required to give a special mortgage, or to cause the legal mortgage in favor of the children to be inscribed in the manner prescribed by law. R. C. C. 251.

The mother who refuses the *tutorship* of her children, retains the superintendence of them, and the care of their education. R. C. C. 253.

Among the mandatory provisions of our law, the following are conspicuous, viz.:

"In the several cases in which the tutor is *not* required by law to give bond, it shall be the duty of the clerk of the District Court of the parish in which the appointment is to be made to furnish a certificate of the amount of the minor's property according to the inventory on file in his office. This certificate must be recorded in the mortgage book of the parish in which the tutor resides. R. C. C. 321.

"Before fathers and *mothers, who, by law are entitled to the usufruct of property belonging to their minor children, shall be allowed to take possession of such property, and enjoy the fruits and revenues thereof, they shall cause an inventory and appraisement to be made of such property, and cause the same to be recorded in the mortgage book of every parish in the State where they, or either of them have immovable property."* R. C. C. 3350; 3351; 3356.

In the instant case, the opponent has failed, altogether, to observe a single one of those requirements.

While still residing in the Republic of France, where she affirms her domicile to be, she retains the custody of the two minor children, and sends a power of attorney to a creditor of the succession, residing in New Orleans, who, in her name, sets up claim to one-half interest in property situated here, and which chiefly consists of improved real estate, on the ground that she is surviving widow of the deceased, and entitled, *under the law of Louisiana,* to a legal usufruct upon the one-half belonging to the heirs of deceased.

And all this is asserted, notwithstanding the fact that she has never caused an inventory to be taken or an abstract of inventory to be recorded.

While we are of opinion that in the present situation, an administration would be both unnecessary and expensive, and that the judge *a quo* properly maintained the opposition of the surviving widow to an administration; yet, we feel constrained to hold that she should, as a condition precedent to the exercise of her rights as surviving widow in community, cause an inventory and appraisement to be made—one upon her account—of all the property and effects of the deceased, and an abstract of same recorded in the book of mortgages, so as to amply protect the rights of the heirs of the deceased.

Thus holding will, necessarily, result in reversing the judgment appealed from, and the entering of a different decree.

It is therefore ordered and decreed, that the judgment appealed from be annulled and reversed; and it is further ordered and decreed, that the opposition of the widow in community be rejected at her cost.

It is further ordered and decreed that the surviving widow and opponent, shall cause a true and faithful inventory and appraisement to be made of all the effects of the succession of the deceased; and that she shall cause an abstract of said inventory to be duly registered in the office of the recorder of mortgages of the parish of Orleans, conformably to law, and within ten days from the finality of this decree; and that in default of so doing, the judge of the District Court shall proceed to appoint an administrator for said succession, according to law.

It is finally ordered, that the cost of appeal be taxed against the opponent.